■ HOLBER ASSOCIATES, L.P., Respondent, v RECKSON OPERATING PARTNERSHIP, L.P., et al., Appellants. [31 NYS3d 872]—

Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered March 27, 2015, awarding plaintiff landlord the total amount of $3,360,766.25 against defendant tenant Reckson Operating Partnership, L.P. (Reckson), and bringing up for review an order, same court (Ellen M. Coin, J.), entered December 11, 2013, which, among other things, granted plaintiff's motion for partial summary judgment on the issue of liability as against Reckson and held the action against Reckson's assignee, codefendant REP 35 Engel, LLC (REP), in abeyance sine die, and an order, same court (Martin Schoenfeld, J.), entered on or about March 3, 2015, which, after inquest, found the end date of Reckson's lease for the purpose of calculating damages to be the date the property was sold after termination of the lease, unanimously affirmed, with costs.

The motion court correctly held Reckson, the tenant under the ground lease with plaintiff, liable for its payment obligations under the lease. Those obligations were expressly preserved in Reckson's assignment of the lease to REP, and were unaffected by the oral joint venture alleged by REP in a pending action in Nassau County, which, at oral argument, the

parties advised us had been tried, thereby mooting the application for stay.

The inquest court properly fixed the end date of the lease for the purpose of calculating rent arrears as the date of the sale of the property, rather than the date of surrender in the stipulation settling a holdover proceeding against REP. The stipulation merely resolved the issue of possession, and expressly preserved the landlord's right to seek damages against Reckson, as provided in the lease and in the letter accompanying the assignment and assumption agreement. Concur— Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.